**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                 No. CR 08-1106 JB

TOMAS VILLALBA-TARANGO,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on the Defendant's Objection to PSR, filed June 22, 2008 (Doc. 20)("Objection"). The Court held a sentencing hearing on June 23, 2008. The primary issue is whether the United States Probation Office ("USPO") properly assessed Defendant Tomas Villalba-Tarango 2 criminal history points for being under a criminal justice sentence when he violated 8 U.S.C. §§ 1326(a)(1) and (2), Reentry of a Removed Alien, the federal crime before the Court. For the reasons stated at the hearing, and for reasons stated herein consistent with those already stated, the Court will overrule Defendant Tomas Villalba-Tarango's objection to the Presentence Investigation Report ("PSR") as moot; Villalba-Tarango has withdrawn his objection, U.S.S.G. § 4A1.1(d) allows for points to be assessed when the defendant commits a federal offense while under a criminal justice sentence.

**FACTUAL BACKGROUND**

      Villalba-Tarango's objection relates to the DWI/First Offense offense set out in paragraph 17 of the PSR. See PSR ¶¶ 15, 17, at 3-5, disclosed June 19, 2008; Case No. DW402607, Bernalillo County Metropolitan Court, Albuquerque, New Mexico. For that offense, on January 18, 2008,

Villalba-Tarango was originally sentenced to a suspended sentence of 90 days custody with 48-hours community service, with 24 hours waived, followed by supervised probation until January 18, 2009.  See PSR ¶ 15, at 3-4.  On May 7, 2008, he received one day of imprisonment, time-served, for failure to comply with probation, and 48 hours of Community Service.  See id.  His probation was reinstated.  See id.  His total sentence of confinement in the DWI case therefore amounted to one day.  Villalba-Tarango is, however, on probation until January 18, 2009.  See id.

## PROCEDURAL BACKGROUND

Villalba-Tarango pled guilty to his federal offense on May 22, 2008.  See Clerk's Minutes at 1, filed May 22, 2008 (Doc. 18).  On June 9, 2008, the Court issued a Notice of Hearing as to Villalba-Tarango's sentencing and scheduled it for June 23, 2008.  See Doc. 19.  The USPO issued its PSR on Thursday, June 19, 2008.  See PSR at 1.  There is no dispute that the PSR properly assessed Villalba-Tarango 1 point under U.S.S.G. § 4A1.19© for Villalba-Tarango's DWI offense.  See PSR ¶ 15, at 3-4; Objection ¶ 2, at 1.  The PSR also added, however, 2 criminal history points, pursuant to U.S.S.G. § 4A1.1(d).  See PSR ¶ 16, at 5.

The United States did not submit any objections to the PSR.  Villalba-Tarango's counsel submitted an objection on Sunday, June 22, 2008.  See Objection at 1.  Because the USPO disclosed the PSR so close to the sentencing, Villalba-Tarango's counsel did not have time to consult with the USPO or with the United States Attorney concerning this objection.  See Objection ¶ 5, at 1-2.  Villalba-Tarango assumed that there would be no opposition.  See id.

Villalba-Tarango objects to the 2 points added in paragraph 16 of the PSR.  See id. ¶ 3, at 1.  Villalba-Tarango has spent 46 days in custody as of the date of the sentencing.  See id. ¶ 5, at 1.  Villalba-Tarango states that there is no need to continue the sentencing date.  See id. at 2.

On June 23, 2008, the USPO disclosed an addendum to the PSR.  See Addendum to the

Presentence Report, dated June 23, 2008 ("Addendum"). The USPO asserted that, because Villalba-Tarango "committed the instant offense while under a criminal justice sentence . . . . it is believed two points were correctly assessed in paragraph 16 of the presentence report." Addendum at 1.

At the June 23, 2008 hearing, Villalba-Tarango conceded that he was withdrawing his objection the PSR. See Transcript of Hearing (taken June 23, 2008)("Tr.") at 2:19-23 (Court & Converse).[1] Villalba-Tarango stated that he had no other objections to the PSR. See id. at 2:25-3:1 (Converse).

## U.S.S.G. § 4A1.1

U.S.S.G. § 4A1.1(d) provides: "Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." Id. U.S.S.G. § 4A1.1(e) instructs a court to add two points to criminal history "if the defendant committed the instant offense less than two years after release from imprisonment on a sentence counted under (a) or (b) or while in imprisonment or escape on such a sentence." Id. It does not allow for points be assessed for a sentence counted under ©.

## ANALYSIS

Villalba-Tarango originally contended that the PSR contains a simple miscalculation error. The Court believes, however, and Villalba-Tarango apparently has agreed, that he committed his federal offense while under a criminal justice sentence. The Court believes that, based on the fact that Villalba-Tarango committed the federal offense while under a criminal justice sentence, 2 points were correctly assessed in paragraph 16 of the PSR.

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

The proper criminal history score is therefore 3 points, and the resulting proper criminal history category is therefore II. The resulting guidelines range is thus 1 to 7 months. This case is, however, a time-served sentence under either calculation.

**IT IS ORDERED** that Defendant Tomas Villalba-Tarango's withdrawn objection to the PSR is overruled as moot. Villalba-Tarango is sentenced to a term of 46 days or time served, whichever is less.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Gregory J. Fouratt
  United States Attorney for the District of New Mexico
Kimberly Brawley
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Kari Converse
  Assistant Federal Public Defender
Federal Public Defender
Albuquerque, New Mexico

    *Attorney for the Defendant*